Jeannette B. Causey v. Commissioner. Lewis D. Causey v. Commissioner.
Causey v. Commissioner
Docket Nos. 74677, 74678.
United States Tax Court
T.C. Memo 1960-108; 1960 Tax Ct. Memo LEXIS 184; 19 T.C.M. (CCH) 579; T.C.M. (RIA) 60108; May 27, 1960
*184 Robert E. Hodnette, Jr., Esq., and Herbert P. Feibelman, Jr., Esq., for the petitioners. Homer F. Benson, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: This case is the consolidation of two proceedings, in each of which respondent has determined a gift tax deficiency of $346.46 for the year 1955. The sole issue in controversy is whether petitioners have met the burden of proof that certain securities listed in their gift tax returns for 1953 were not in fact donated to a trust established by Lewis D. Causey in 1953. Findings of Fact The stipulated facts are so found and are incorporated herein by reference. Each petitioner filed a gift tax return for the year 1955 with the district director of internal revenue, Jacksonville, Florida. During the year 1949, Lewis D. Causey, hereafter referred to as petitioner, created a revocable trust for the benefit of his five foster children. Petitioner revoked this trust in 1953. He then made outright gifts of securities to the four of his foster children other than Angela Causey. On December 29, 1953, petitioner executed a trust agreement in which he was named as both settlor *185 and trustee. The trust agreement named Angela Causey (the fifth foster child) as beneficiary. The trust agreement was stated to cover: "certain property described in Schedule 'A' hereto attached and made a part hereof, and any additional property hereafter made subject to the terms hereof." No schedule of property was attached to the trust instrument. Petitioner and his wife, Jeannette B. Causey, filed separate gift tax returns for the year 1953. In his gift tax return for 1953, Lewis reported in Schedule A gifts to the following donees with the following total values: Value at Date
Donee
of Gift
1. Lucy C. Adams
$ 9,792.50
2. Angela Causey Trust
11,002.50
3. David L. Causey
9,792.50
4. Lewis Dean Causey, Jr.
9,792.50
5. Mrs. Ruth F. C. Johnson
15,216.88
The items listed as donated to the Angela Causey Trust, and the value report as to each item were as follows: 20 shares General Electric
Co.
$1,700.00
40 shares Standard Oil of
N.J.
2,845.00
20 shares Union Pacific
R.R.
2,107.50
20 shares E. I. Dupont, etc.
2,080.00
20 shares Sears Roebuck &
Co.
1,210.00
1 M Penna. R.R. 5 68
J.D.
1,060.00
$11,002.50
*186 Lewis and Jeannette consented on their respective gift tax returns for 1953 to have the gifts made in that year (all gifts in 1953 were reported as having been made by Lewis) considered as having been made one-half by each. The gift tax return of Lewis for 1953 further reported the following: Total gifts by donor
$55,596.88
Less portion to be reported by spouse
27,798.44
Balance
$27,798.44
Gifts of spouse to be included
0.00
Total gifts for year
$27,798.44
Less total exclusions not exceeding
$3,000 for each donee
15,000.00
Total included amount of gifts for
year
$12,798.44
Specific exemption claimed $12,798.44
Total deductions
12,798.44
Amount of net gifts for year
None
Prior to filing the gift tax return above referred to, Lewis filed five separate gift tax returns for 1953, each reporting one of the five gifts combined in the single return above referred to. One of the five separate returns reported a gift to the Angela Causey Trust of the same securities, and at the same values as listed above and reported in the single combined return. Lewis also filed a "DONEE'S OR TRUSTEE'S INFORMATION RETURN OF GIFTS" on Form 710, reporting a gift in *187 1953 to the Angela Causey Trust, listing the same securities at the same values. The Donee's return was signed by Lewis and designated him as trustee. Jeannette filed a gift tax return for 1953 reporting the following: Gifts of spouse to be included
$27,798.44
Total gifts for year
$27,798.44
Total exclusions not exceeding $3,000
per donee
15,000.00
Total included amount of gifts for
year
$12,798.44
Specific exemption claimed $12,798.44
Total deductions
12,798.44
Amount of net gifts for year
None
Lewis and Jeannette each filed gift tax returns for 1954 and 1955. The return by Lewis for each of said years and that of Jeannette for 1955 reported the amount of specific exemption for 1953 to be $10,297.19 instead of $12,798.44. This change was made by Lewis in relation to the value of the gifts to the four children other than Angela. [1]
*188 During all times relative hereto, the securities referred to as donated by Lewis to the Angela Causey Trust were in a custodian account with a brokerage firm in the name of Lewis. No formal document was executed transferring any of these securities to the trustee or beneficiary, and petitioner communicated no request for such transfer to the brokerage firm either orally or in writing. After executing the 1953 trust agreement, petitioner continued to receive dividends on the securities listed in the gift tax return as donated to the trust. Lewis spent these dividends for family purposes and included them as income on his income tax returns. He continued to vote proxies on these securities and sold some of them subsequent to the execution of the trust agreement. Petitioners claim that no gift was in fact made to the Angela Causey Trust in 1953. Opinion The burden rests with petitioner to prove error in respondent's determination. The sole issue in controversy revolves around the question of whether or not petitioner made a completed gift in trust during 1953 which would have decreased the specific exemption available in 1955, under 2521 of the Code of 1954, and thus result *189 in an increased amount of net gifts for 1955. The parties have stipulated that the trust agreement dated December 29, 1953, and referred to in our findings, was executed by Lewis as both settlor and trustee. The trust agreement states that the trust covered certain property described in Schedule A attached thereto. The parties have stipulated that there was never any separate schedule of property attached to the said trust agreement. Petitioner argues from the foregoing that there having been no Schedule A, there could be no trust res. The absence of a schedule is, of course, a factor to be considered, but it is by no means conclusive of the issue. The trust agreement itself provides, in part, as follows: "SECOND: That the property listed herein and any other property made subject to this agreement by the Will of the Settlor or otherwise shall * * * be held upon the following terms of trust:" A parol declaration of trust is recognized both in Florida where the trust agreement was executed (see and in New York, where the securities were held in a custodian account. See . *190 Where the settlor is also the trustee, there is no requirement of a formal delivery of the trust res. (C.A. 7, 1937), affirming , certiorari denied . The trust agreement, while referring to property described in the nonexistent Schedule A, places no restrictions on how "any other property" may be made subject to the trust. As will appear infra, we are not necessarily called upon to make a positive ultimate finding as to whether, and if so how, a gift to the trust was accomplished. What we have said above merely illustrates, in discussing petitioners' arguments, the possibility of such an accomplishment. The parties have further stipulated that during all relevant times, the securities listed in the 1953 gift tax return of Lewis were in a custodian account with a brokerage firm and that no "separate formal document was made transferring the above securities to * * * Lewis D. Causey as trustee for Angela Causey." It is clear that the stipulation was drawn with care, and excludes from its application anything but a "separate formal document." What we have said with respect to *191 the significance, vel non, of the missing Schedule A is equally applicable here when we recall that Lewis was both settlor and trustee of the trust. Again, however, the provision of the stipulation is a factor to be considered. Petitioners point to the fact that Lewis treated the income from the securities as his own and also sold some of the securities after the execution of the trust agreement. His conduct is a factor to be considered. It also, however, begs the question because if Lewis held the securities as trustee, his acts would not destroy the trust, but would be contrary to his duties and obligations as a trustee. Also, of course, we give consideration to the oral testimony of Lewis to the effect that he did not intend to make any gifts to the trust at any time after the execution of the trust agreement. This we must weigh in the light of all of the circumstances including our observation of the witness on the stand, and his personal interest in the case. On the other hand, the execution by Lewis of the trust agreement dated December 29, 1953, naming himself as settlor and trustee, is a circumstance indicating an intention to make a gift to the trust. Of greater significance, *192 however, is the fact that Lewis, in each of the two gift tax returns which he executed and filed for 1953, and in the Donee Information Return which he executed and filed for 1953 as trustee of the Angela Causey trust, reported information which was consistent only with the view that he had, in 1953, donated the securities referred to supra to the Angela Causey trust. There is no other construction which may reasonably be attributed to the execution and filing of these returns. Respondent does not face the burden of proving the detailed steps by which such a gift may have been made to the trust. And there is no requirement that we, in order to sustain respondent's determination, must affirmatively find that such steps were taken, or even the ultimate fact that the gift was made. The burden rests with petitioners to establish their position by a preponderance of the evidence. We are not satisfied that they have met this burden in the light of the information contained in the three returns referred to above. Decisions will be entered under Rule 50. Footnotes
1. Through some inadvertence, Jeannette's gift tax return for 1954 is not in the record although identified in the Stipulation. An additional copy of her 1955 return was included instead. Since the parties agree that the issue with respect to Jeannette is identical with that relating to Lewis, and since the returns of Lewis for 1954 and 1955 and that of Jeannette for 1955 report the specific exemption relating to 1953 to be $10,297.19, we think we may safely assume that Jeannette's return for 1954 shows the same amount, and that the failure to include her 1954 return in the record is not significant upon the issue before us.↩